UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FRANK EDWARD JOHNSON, | Civil No. 10-269 (DWF/JJG) |
| Petitioner, | |
| v. | |
| STATE OF MINNESOTA, | **REPORT AND RECOMMENDATION** |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In November 2002, a Minnesota state court jury found Petitioner guilty of third degree criminal sexual conduct, fifth degree assault, and first degree burglary. He was sentenced to 58 months in prison, and he is presently serving his sentence at the

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Minnesota Correctional Facility in Rush City, Minnesota. (Petition, p. (2), ¶s 1-6.)[2]

The Minnesota Court of Appeals reversed Petitioner's burglary conviction on direct appeal, but his other two convictions were affirmed. The Minnesota Supreme Court denied Petitioner's subsequent application for further review. State v. Johnson, 679 N.W.2d 378 (Minn.App. 2004), rev. denied, August 17, 2004.

Petitioner subsequently filed a post-conviction motion in the trial court. The motion was denied, and that ruling was later affirmed on appeal. Johnson v. State, No. A05-240 (Minn.App. 2006), 2006 WL 91543 (unpublished opinion), rev. denied, March 28, 2006.

While Petitioner's initial post-conviction motion was still pending in the state courts, he filed a federal habeas corpus petition in this District. In that case, Johnson v. State of Minnesota, Civil No. 06-104 (DWF/JJG), [hereafter "Johnson I"], Petitioner challenged the same state court convictions for criminal sexual conduct and assault as discussed above. The State filed a motion in Johnson I, seeking to have the petition dismissed with prejudice because all of the grounds presented in the petition had been procedurally defaulted. The undersigned Magistrate Judge agreed with Respondent's argument, and recommended that the petition be dismissed based on procedural default. (Johnson I, Report and Recommendation, ["R&R"], dated September 6, 2006, [Docket No. 11].) Petitioner filed objections to the R&R, but District Court Judge Donovan W. Frank denied the objections, adopted the R&R, and dismissed the habeas corpus petition "**with prejudice**." (Johnson I,

---

[2] Petitioner was sentenced more than 58 months ago, so he should have completed his prison term by now. It appears, however, that Petitioner has left prison on supervised release in the past, but later returned for violating the conditions of his release. See Johnson v. Fabian, No. A07-2132 (Minn. App. 2008), 2008 WL 3290669 (unpublished opinion). This suggests that Petitioner might still be in prison at this time because he violated the conditions of his most recent supervised release. In any event, the mystery of Petitioner's ongoing incarceration need not be resolved here, because it has no bearing on

2

Order dated October 4, 2006, [Docket No. 13], [emphasis in the original order].)

Judge Frank subsequently ruled that Petitioner would <u>not</u> be granted a Certificate of Appealability in <u>Johnson I</u>, noting that "[b]ecause Petitioner did not properly present his current constitutional claims to the Minnesota Supreme Court, the Magistrate Judge determined, (and this Court has agreed), that all of his claims have been procedurally defaulted." (<u>Johnson I</u>, Order dated November 28, 2006, [Docket No. 20], p. 4.) Petitioner then asked the Eighth Circuit Court of Appeals to grant him a Certificate of Appealability, but that request was denied, and Petitioner's appeal was dismissed. (<u>Johnson I</u>, Judgment of the Eighth Circuit Court of Appeals dated January 11, 2007, [Docket No. 23].)

In September 2007, Petitioner filed a second post-conviction motion in the trial court. That motion was denied at the trial court level, and on appeal. <u>Johnson v. State</u>, No. A08-0032 (Minn. App. 2009), 2009 WL 233920 (unpublished opinion), <u>rev</u>. <u>denied</u>, May 19, 2009.

On January 29, 2010, Petitioner filed his current (second) federal habeas corpus petition. He is once again challenging his 2002 state court convictions for criminal sexual conduct and assault. The current petition lists eight grounds for relief, which Petitioner has summarized as follows:

(1) "Denial of right to appeal."

(2) "Conviction obtained by jury that was unconstitutionally selected and impaneled."

(3) "Denial of effective assistance of trial counsel."

(4) "Prosecutor Misconduct."

(5) "Post-conviction court improperly denied motion for forensic DNA and/or medical

---

the recommended disposition of this case.

3

testing."

(6) "Postconviction court denied constitutional rights by granting an evidentiary hearing and then later denying the postconviction through mail."

(7) "All of the other 8 claims raised by Petitioner should not be barred by <u>Knaffla</u> because they fall under the <u>Knaffla</u> exception."

(8) "The <u>Knaffla</u> rule in Minnesota is a violation of U.S. constitutional rights."

(Petition, pp. (5), (6), 6A-6D.)

Petitioner's current habeas corpus claims cannot be addressed on the merits, however, because his present petition challenges the same convictions that were before the Court in <u>Johnson I</u>. As discussed more fully below, the Court finds that Petitioner has filed a "successive petition," which cannot be entertained at this time.

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[3] Under that rule, a district court cannot entertain a second or

---

[3] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

 **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
    **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    **(ii)** the facts underlying the claim, if proven and viewed in light

4

successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

It plainly appears that the petition now before this Court is Petitioner's second application for federal habeas corpus review of his 2002 conviction for criminal sexual conduct and assault. Because Petitioner's prior federal habeas case, Johnson I, was dismissed with prejudice, the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b). This means that the present

---

of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

5

action cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. Because Petitioner has not shown that he has obtained such pre-authorization, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).

The Court recognizes that some of Petitioner's current claims for relief are based on matters that arose <u>after</u> his previous federal habeas petition was dismissed. Petitioner might believe that he should be automatically allowed to raise such claims in a new habeas petition, because those claims were, (allegedly), unavailable to him when he filed his first habeas petition. Such reasoning, however, must be rejected, because even claims based on new evidence cannot be raised in a second or successive habeas petition, without pre-authorization from the apposite federal appellate court. The United States District Court for the District of Minnesota cannot entertain <u>any</u> habeas claims challenging the convictions at issue here, unless the Eighth Circuit Court of Appeals first grants Petitioner permission to file a successive habeas petition.

To obtain a pre-authorization order for his current claims for relief, Petitioner will have to persuade the Court of Appeals that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2). (<u>See</u> fn. 3, <u>supra</u>.) If Petitioner can meet that requirement, and the Court of Appeals therefore grants him a pre-authorization order, he can then file a new habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new action, if he is able to secure a pre-

6

authorization order from the Court of Appeals as required by § 2244(b)(3)(A).[4]  Petitioner should carefully note, however, that this District Court will not entertain any future habeas petition pertaining to his 2002 state court convictions for criminal sexual conduct and assault, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b).[5]

Finally, having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will also recommend that Petitioner's pending application to proceed in forma pauperis, ("IFP"), be summarily denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii);

---

[4]  There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed.  See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).  However, it would not be advisable to follow that approach here.  The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2).  Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of Appeals could not -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs.  28 U.S.C. § 2244(b)(3)(C).  It therefore makes more sense to dismiss the present action and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3).  That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

[5]  Because the Court presently lacks jurisdiction in this matter, based on the rules governing successive petitions, the timeliness of the instant petition will not be addressed here.  It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (see 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.  Based on the Minnesota Court of Appeals' decision in Petitioner's most recent state post-conviction proceeding, it clearly appears that the one-year statute of limitations was running in this case between March 28, 2006, (when the Minnesota Supreme Court declined to review Petitioner's first post-conviction case), and September 2007, (when Petitioner filed his second post-conviction motion).  Johnson v. State, 2009 WL 233920 at *1.  This strongly suggests that the one-year federal statute of limitations probably expired long ago.

see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1.  Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be DENIED;

2.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3.  This action be summarily dismissed without prejudice for lack of jurisdiction.


Dated: February 4, 2010          s/ *Jeanne J. Graham*
                                 JEANNE J. GRAHAM
                                 United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **February 19, 2010**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.